IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| USAA GENERAL INDEMNITY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-187 (MTT) ) |
| DOUGLAS REID, GENIA REID, and ERIC USSERY, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

Plaintiff USAA General Indemnity Company has moved for summary judgment in this declaratory judgment action. (Doc. 21). USAA contends that a homeowner's policy it issued to Douglas and Genia Reid provides no coverage for injuries suffered by their nephew Eric Ussery on the insured premises. Specifically, USAA contends that Ussery resided at the insured premises and therefore the policy excluded coverage for his injuries. For the reasons stated at the conclusion of oral argument, the Court finds there are genuine disputes as to many material facts, so many that a lengthy and detailed order is unnecessary. However, one issue merits further discussion.

USAA's policy excludes liability coverage for bodily injuries suffered by an "insured." (Doc. 1-1 at 19, 21). The definition of "insured" includes a relative who is a resident of the named insured's "household." (Doc. 1-1 at 19). USAA contends that Ussery resided at the insured premises, and thus, the policy does not provide coverage for his injuries. At oral argument, counsel for USAA acknowledged that the Reids did not reside at the insured premises. That led the Court to ask how Ussery could be a

resident of the Reids' household if he resided at the insured premises rather than with the Reids at their residence.  Counsel responded that Georgia law provides that an individual can have more than one residence, that the insured premises was *a* residence of the Reids, and because Ussery resided there as well, he resided in the Reids' household.

There are two problems with this argument.  First, the Court cannot find as a matter of law that the insured premises was *a* residence of the Reids.  In fact, there is scant evidence that the Reids regarded or treated the insured premises as their residence.  Rather, they made the premises available to others for occasional use when necessary.  Second, the question is not whether the insured premises was a residence of the Reids but whether Ussery was a resident of the Reids' "household."[1]  *State Farm Fire & Cas. Co. v. Goodman,* 259 Ga. App. 62, 576 S.E.2d 49 (2002)*,* addresses this issue.  Noting that State Farm's policy did not define "household" (neither does USAA's), the Court looked to the dictionary and concluded that a household is a "'domestic establishment including the members of a family and others who live under the same roof.'"  *Id.* at 65, 576 S.E.2d at 52 (quoting AMERICAN HERITAGE DICTIONARY (2nd college ed. 1985)).  Further, a household means "'a family living together' and 'family' as 'a collective body of persons who live in one house or within the same curtilage under one head or management.'"  *Id.* (quoting *Keene v. State Farm Mut. Ins. Co.*, 114 Ga. App. 625, 626(2), 152 S.E.2d 577, 578 (1966)) (punctuation omitted).  Thus, the court in *Goodman* reasoned that for a resident relative exclusion to apply, the parties seeking coverage under the policy and the named insured "would both have to

---

[1] Of course, if Ussery actually lived with the Reids, then he almost certainly would be a resident of their household.  But the point is that the question is whether he resides in their household, not whether their residences coincide.

be residents in the house with [the named insured] as part of her household, i.e., under her management." *Id.*  Here, it clearly cannot be said as a matter of law that Ussery and the Reids were all residents of the insured premises *and* that Ussery was a part of the named insured's "household, i.e., under her management."  Thus, even if it were undisputed that the insured premises was Ussery's residence or domicile, it is not undisputed that he was a member of their household.

Accordingly, Plaintiff USAA's motion for summary judgment (Doc. 21) is **DENIED**.

**SO ORDERED**, this 6th day of October, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
